CENTRAL ALTAGRACIA *v*. OTERO ET AL.

APPEAL from the District Court of Mayagüez.

No. 118.—Decided June 27, 1907.

INJUNCTION—BOND—CONTESTING SUFFICIENCY OF SURETIES.—The defendant in proceedings to obtain an injunction may object to the sufficiency of the sureties, but such objections must be made within the period of five days after notice of the injunction is served upon him in order that the sureties, or others in their place, may prove their sufficiency within five days after the defendant files his objection.

ID.—WHAT IS UNDERSTOOD BY SUFFICIENCY OF SURETIES.—The only objections which a defendant may make to sureties are such as may involve a lack of financial responsibility or their lack of legal capacity in other respects to appear as sureties, and both are included within the concept of the word sufficiency and in order to receive consideration must be presented within the period provided for by law.

ID.—FACTS SET FORTH IN APPLICATION.—Where the facts alleged under oath in an application for injunction are not denied, they must be accepted as true for all the purposes of the action.

ID.—VACATING ESTABLISHMENTS, ETC.—An injunction restraining the defendants from entering upon the property or properties of the plaintiff corporation, or from interfering in any manner with said property or properties, or from occupying them, and as a necessary consequence, directing that the keys to such properties, as well as any other personal property in their possession, be delivered to the defendants, because it appearing that the defendants occupied by virtue of their office the houses belonging to the plaintiff corporation, it had a perfect right to demand that they be dispossessed of the same and that the keys be ordered delivered to it in order to render the writ of injunction effective.

ID.—MANDATORY OR PROHIBITORY WRIT.—In its ordinary acceptation an injunction is an order or mandate, and that mandate may be to do or refrain from doing a specific thing. In its legal acceptation an injunction is a remedial writ which is issued to compel a defendant to perform an act, or to restrain him from performing it or continuing its performance, consequently it may be of a mandatory or prohibitory nature; and the courts have the power to issue them in either of such forms.

The facts are stated in the opinion.

*Mr. Hawkins* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Attorneys Benjamin F. Horton, Frederick L. Cornwell, and Leopold Feliú, made an application in the District Court of Mayagüez on behalf of the Central Altagracia, for a writ of injunction against Santiago Otero and Robert Wilson, and their respective agents, employes or any other person under their control or in their service, for the purposes described below, alleging the following facts in support of their application: That the Central Altagracia is a corporation duly organized under the laws of the State of Maine, and that it does business in this Island and has an office in the city of Mayagüez; that the petitioning company has leased and possesses a certain sugar factory with its respective buildings and 22 *cuerdas* of land, all situated in the city of Mayagüez; that one Robert Wilson was suspended and discharged from the service of the plaintiff corporation on December 14, 1906, and that one Santiago Otero was suspended and discharged from the service of the said corporation on December 16, 1906; that said Robert Wilson and Santiago Otero had had granted to them by the plaintiff corporation, and occupied for dwelling purposes while in the service of the corporation, houses situated on lands held by the said corporation; that the said Wilson and Otero, on December 16, 1906, after having been discharged from the service of the company called a strike and attempted to start a riot upon the property of said plaintiff corporation, and that on the date of the complaint they were in possession of said houses belonging to the plaintiff situated on its property, and positively and illegally refused to vacate and leave said houses and property of the corporation, and have molested and interfered with the employes of the corporation and continue doing so; that said Wilson and Otero have attempted and continue to attempt

to interrupt the delivery of the raw material sent to the mills of the plaintiff corporation; that they are illegally withholding property of the corporation which is absolutely necessary as a shelter and sleeping place for its employes; that the illegal retention of such property by the said Wilson and Otero and the acts of their agents, servants and employes, have been and are interfering with the progress and work of the plaintiff company, thereby causing it irreparable injury, and the plaintiff corporation has no adequate or speedy remedy at law; and by virtue of these facts the plaintiff prayed the court to issue a temporary writ of injunction enjoining said Robert Wilson and Santiago Otero and their respective agents, employes, and other persons under their control or in their service, from entering upon the property or properties of the plaintiff corporation and interfering in any manner with the work and operations of said corporation as well as from molesting any of the employes thereof, and that upon the final hearing being had such writ of injunction be made final and permanent, and that they be further required in said writ to give up the keys to the buildings on the property or properties of the corporation, which keys said defendants illegally retain. After the proper bond in the sum of $500 had been furnished, the undertaking being signed by F. L. Cornwell and Benjamin J. Horton as sureties, the judge of the District Court of Mayagüez issued, on December 21 last, a provisional writ of injunction, which was served on the defendants on the same date by the marshal of said court.

On the 31st of the said month of December the defendants, represented by Attorney Alfredo Arnaldo, appeared and contested the application for the writ of injunction, stating in substance the following: They alleged in the first place that the injunction having been granted by the court upon bond in the sum of $500 being furnished, the court accepted Benjamin J. Horton and Frederick L. Cornwell, the attorneys who applied for the injunction on behalf of the Central Alta-

gracia as sureties; that, according to rule 13 of the Rules Governing Trials and the admission of evidence, no attorney shall be accepted as surety in an action or judicial proceeding in which he renders his services as such attorney, and in view of this provision Attorneys Horton and Cornwell could not legally be accepted as sureties to furnish the bond required when the writ of injunction issued, and if the court accepted them notwithstanding this fact and as such sureties they furnished the bond, an act in violation of the law was committed, and if said proceeding is not in accordance with law it appears that, according to section 4 of the Civil Code, said undertaking is void, and consequently the writ of injunction issued should be vacated, taking into consideration the fact that the defendants do not attack the sufficiency but the lack of capacity of the sureties, which voids the undertaking entered into; the defendants also allege that the writ of injunction, in directing that they deliver the keys and personal property which they may have belonging to the plaintiff corporation, the writ of injunction becomes in effect a writ of dispossession, and even assuming that the plaintiff corporation had the right to eject the defendants from the houses they occupied by reason of their positions, an injunction is not the proper proceeding, because the object of an injunction is to prohibit a certain person from violating or prejudicing the rights of another—that is to say, to compel a person to perform an act but not to prohibit him from performing it; that, according to section 1490 of the Civil Code, the defendants may be ejected from the buildings they occupy by reason of their offices—that is to say, from those in which they perform their duties but not from those in which they reside; that there is a right to domicile and against this right there is only one special proceeding, which is the action of unlawful detainer and not an injunction; that it is false that the defendants had endeavored in any way to call a strike or to start a riot; and that said defendants Wilson and Otero were re-

spectively the engineer and *mayor domo* of the Central, receiving monthly salaries, and that without just cause, which the application for an injunction does not state, they could not be dicharged therefrom; for all these reasons they prayed the court to hold that there were not sufficient grounds for the issuance of the injunction, taxing the costs and damages against the plaintiff Central.

A hearing having been had in the District Court of Mayagüez no evidence was presented, and the court rendered a decision on January 12, 1907, overruling the objections made by the defendants to the application for the temporary writ of injunction and ratifying the latter in every respect, with the costs against the defendants. An appeal from this decision was taken by counsel for the defendants to this Supreme Court.

Two questions are submitted to the consideration of this court by virtue of the appeal taken by the defendants in this case. The first consists in that the bond furnished by the plaintiff company for the issuance of the provisional writ of injunction is void, because the attorneys representing said company in the proceedings signed the undertaking as sureties.

The appellants also allege that the plaintiffs should have proved all the acts alleged in their application, and that having failed to do so, the permanent writ of injunction should not have issued.

We will examine these questions in the order in which they have been presented.

According to section 7 of the Injunction Act, approved May 8, 1906, upon the granting of the provisional writ of injunction the plaintiff must furnish a written undertaking with sufficient sureties to answer for the damages which such injunction might cause the defendant, if it be finally decided that the plaintiff was not entitled thereto. Said section also provides that within five days after service of notice of the

injuncion the person enjoined may except to the sufficiency
of the sureties, and the latter, or others in their place, may
justify their sufficiency within five days after the defendant
has excepted, the injunction being dissolved if they should
fail to do so.

The provisional writ of injunction granted in this case
by the District Court of Mayagüez was issued under date of
December 21, 1906, and notice thereof was served on the de-
fendants on the same date, as shown by the return of the
service by the marshal. The exception of the defendants to
the sureties was embodied in their opposition papers to the
application dated December 31—that is to say, after the
period of five days prescribed by law for the purpose had
expired; the defendants allege, without doubt for the purpose
of evading the effects of this section, that they do attack the
"sufficiency" of the sureties, but only their lack of capacity to
act as sureties, which carries with it the nullity of the under-
taking. It appears that the defendants understand that the
law in referring to the sufficiency of the sureties referred
merely to their pecuniary responsibility and not to their
ability or capacity to execute the bond, but this is an error.
The only objections which the defendants could make to the
sureties are those which we have indicated—that is to say,
their lack of pecuniary responsibility or their lack of legal
or other capacity to act as such sureties; both are comprised
in the meaning of the word "sufficiency" and must be taken
within the legal period, because as the intention of the law
in granting the defendant five days to except to the suffi-
ciency of the sureties was to give the applicant also an oppor-
tunity to justify their sufficiency within a like period granted
him for the purpose, or otherwise, in order that the plaintiff
may present new sureties, previously showing their suffi-
ciency, said period having already expired when the defend-
ants made their objection, there was no possible way for the
plaintiff to correct the defects mentioned, and consequently

it must be conceded that the objection made by the defendants against the sureties who signed the bond was made out of the time fixed by law, and for this reason it would be absolutely useless to consider the merits thereof.

Let us pass the second question—that is to say, that the plaintiff company has not submitted any evidence upon the facts alleged in its application.

The facts in the petition on which the provisional writ of injunction was granted were alleged under oath, and the defendants in their opposition thereto, far from denying these facts in any way, confined themselves as we have seen to raising a question of law as to the sufficiency of the sureties in the sense we have stated, and also as to the scope or effect of said writ of injunction. As the facts alleged in the petition have not been denied, they must be accepted as true for the purposes of this action, according to the doctrine announced by this Supreme Court in the case of *Ríos* v. *Beranguer et al.,* decided February 13, 1905. On the other hand, it cannot be maintained, as the defendants alleged in the lower court, that the writ of injunction granted had the effect of a judgment rendered in an action of unlawful detainer, because as the petition showed that said defendants occupied the houses belonging to the plaintiff corporation by reason of the office they held, the latter had a perfect right to demand that they should be dispossessed, according to section 1490 of the Civil Code; and in the writ of injunction enjoining the defendants from entering upon the property or properties of the plaintiff corporation, or from interfering in any manner with said property or properties, or from occupying them, it was necessary to order as indispensable to the carrying out of these acts the delivery by the defendants of the keys and other personal property in their possession to said Central, because had this not been done the writ of injunction granted would have been absolutely illusory and useless.

That the writ of injunction granted and issued was mandatory in some of its terms is not an objection which can be sustained. In its ordinary acceptation an injunction is an order or mandate and that mandate may be to do or to abstain from doing a specific thing; in its legal acceptation an injunction is a remedial writ which is issued to compel a defendant to perform an act or to restrain him from performing it or continuing its performance; consequently it may be of a mandatory or prohibitory character, and the power of the courts to issue them in either of such forms has been perfectly established by the jurisprudence of the highest courts of the American Union. (See Bispham on Principles of Equity and the cases therein cited, pars. 399 and 400, and High on Injunctions, pars. 1 and 2.)

For all these reasons we are of the opinion that the decision rendered in this case by the District Court of Mayagüez should be affirmed, with the costs against the appellants.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.